51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Allen DRYER, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, et al., Defendants-Appellees.
 No. 92-15871.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1994.*
Submission Vacated Jan. 3, 1995.
Resubmitted April 3, 1995.
Decided April 6, 1995.
 
 Before: TANG, SCHROEDER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Allen Dryer appeals pro se from the judgment entered after a bench trial in favor of the Arizona Department of Corrections (ADOC) in his Sec. 1983 suit. Dryer sought damages for defendant's allegedly improper calculation of early-release credits. The thrust of his complaint is that the Department should have given him early release credits for the period between March and October of 1987 while he was on status as an absconder from parole. Failure to do so, Dryer argues, resulted in the extension of the duration of his earlier sentence. After a bench trial, the district court found that his sentence was calculated correctly, and ordered that judgment be entered in defendant's favor.
 
 
 3
 Appellant is presently serving a ten-year sentence for trafficking in stolen property, an offense committed while he was a parole absconder. He began serving the present term in September of 1988. When he was released from custody for his prior sentence, he was discharged into the custody of the Maricopa County Sheriff's Office. While on parole, Dryer earned day-for-day early release credits. When he was placed on absconder status on March 1, 1987, he no longer earned such credits. He began to reaccrue such good-time credits when he was rearrested on October 2, 1987.
 
 
 4
 Although his suit is styled as one under Sec. 1983 for damages, we asked for supplemental briefs as to whether the action actually challenged the duration of confinement, and hence could be maintained only after the state had corrected the sentence and validated the plaintiff's claim that his confinement is illegal or overly long. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994) (holding that in order to recover damages for an allegedly unconstitutional or other harm caused by actions whose unlawfulness would render a sentence or conviction invalid, a plaintiff must prove that the conviction has been invalidated in order to state a cognizable claim under Sec. 1983). The parties agree that the suit does not challenge appellant's current sentence and that Heck does not apply. See Heck at 2372 (noting that an action should be allowed to proceed if, regardless of its outcome, it will not demonstrate the invalidity of any "outstanding" criminal judgment against plaintiffs).
 
 
 5
 The district court held a trial on the merits and ruled that the time had been properly calculated by the ADOC. We can find no authority to support appellant's argument that he was entitled to accrual of good-time credits while he was a parole absconder.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3